IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRENDA HARRISON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| ALEIKA ANDERSON, | * |
| In her individual and official capacity, | * |
| THOMAS Y. TRAWICK, JR., | * |
| In his individual and official capacity, | * |
| ALAN PARKER, | * |
| In his individual and official capacity, | * |
| | * |
| Defendants. | * |

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Brenda Harrison, states her Complaint against Clayton County Board of Education Member Aleika Anderson, Clayton County Schools Police Chief Thomas Y. Trawick, Jr. and Clayton County Schools Police Major Alan Parker, in their individual and official capacities, showing this Honorable Court as follows:

### I.   INTRODUCTION

1.

This civil action arises from the unlawful arrest, detention and subsequent prosecution of Brenda Harrison (hereinafter, "Harrison") as a result of the willful and wrongful acts of the Defendants, violating Harrison's rights under the First and Fourth Amendments of the Constitution of the United States, as well as the Constitution, laws and statutes of the State of Georgia.

2.

Harrison asserts her federal claims under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States. Any state law claims asserted by Harrison are pendant claims that fall within this Court's pendant jurisdiction.

Harrison seeks equitable relief, monetary damages, attorneys' fees, and costs. Harrison seeks a trial by jury.

## II. JURISDICTION AND VENUE

3.

Paragraphs 1 and 2 are hereby incorporated and re-alleged as though fully set forth herein.

4.

This Court has original jurisdiction over Harrison's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5.

Venue is proper in the Northern District of Georgia [hereinafter "District"] pursuant to 28 U.S.C. § 1391 because all parties reside in Clayton County [hereinafter "County"], which is located in this District and the Plaintiff's claims arose in this District.

## III. PARTIES

6.

Paragraphs 1-5 are hereby incorporated and re-alleged as though fully set forth herein.

7.

Brenda Harrison is a citizen of the State of Georgia who resides within the District and is able to assert claims of this kind and nature.

8.

Aleika Anderson [hereinafter "Board Member Anderson"] is a citizen of the State of Georgia residing in the District and is subject to the personal jurisdiction of this Court. Anderson is being sued in her official capacity as a member of the Clayton County Board of Education (hereinafter "CCBOE") and her individual capacity. She may be personally served

with the Complaint and Summons at her residence, which is located in Clayton County, Georgia.

9.

At all times relevant to this civil action, Anderson was an elected member of the CCBOE, which has supervisory authority over various entities, including the Clayton County Schools Police (hereinafter "CCSP").

10.

At all times relevant to this civil action, Anderson was acting under color of state law and within the scope of her discretionary functions when she decided to order, authorize, institute and pursue the arrest, detention and criminal prosecution of Harrison.

11.

Harrison asserts claims against Anderson, individually and in her official capacity as an independent, elected official acting neither as an arm of the State of Georgia or the County.

12.

In her official capacity as an independent, elected official, Board Member Anderson's actions, as alleged herein, were not subject to review by either the State of Georgia or the Clayton County Board of Commissioners.

13.

CCSP Police Chief Thomas Y. Trawick, Jr. (hereinafter "Trawick") is a citizen of the State of Georgia who resides in the Northern District and is subject to the personal jurisdiction of this court. Trawick may be personally served with the Complaint and summons at the CCSP Headquarters, 1098 Fifth Avenue, Jonesboro, Georgia 30236.

14.

At all times relevant to the claims asserted in this Complaint, Trawick had supervisory and final authority as a police chief of a law enforcement agency with arrest powers.

15.

Pursuant to his oath of office, Trawick swore to uphold and enforce the Constitution and laws of the United States and the Constitution and laws of the State of Georgia.

16.

At all times relevant to the claims contained in this Complaint, Trawick was acting under color of state law and within the scope of his discretionary function on or about March 22, 2017 when he directed or authorized Parker to obtain a criminal warrant against Harrison which resulted in Harrison's arrest, detention, and prosecution.

17.

Former CCSP Major Alan Parker (hereinafter "Parker") is a citizen of the State of Georgia residing in the District and is subject to the personal jurisdiction of this Court. He may be personally served with the Complaint and summons at his home address, 1203 Millwood Drive, Riverdale, Georgia 30296.

18.

At all times relevant to the claims asserted in this Complaint, Parker was employed and sworn to serve as a Major under the supervision of Chief Trawick and the CCBOE.

19.

At all times relevant to the claims asserted in this Complaint, and pursuant to his oath of office, Parker swore to uphold and enforce the Constitution and laws of the United States, and Constitution and laws of the State of Georgia.

20.

At all times relevant to the claims asserted herein, Parker was acting under color of state law and within the scope of his discretionary function on or about March 22, 2017 he obtained a criminal warrant against Harrison which resulted in her arrest, detention and prosecution.

IV.     FACTUAL ALLEGATIONS

21.

Paragraphs 1-20 are hereby incorporated and re-alleged as though fully set forth herein.

22.

Anderson has served on the CCBOE since her election in July of 2008. She served as chairperson of the CCBOE from September 2008 until December 2010.

23.

Harrison, a retired federal employee, has lived in the County for 9 years. Her commitment to education and transparency led to her attending numerous CCBOE meetings. Harrison has never been removed from or admonished for her behavior at any public meeting.

24.

Harrison resides in CCBOE District 8, for which Anderson is the representative on the Board.

25.

On or about October 4, 2016, Harrison, acting within her rights as the citizen of Clayton County, sent Anderson an email to Anderson's county issued email address,

requesting clarification on a vote Anderson made, but Anderson refused to respond. A subsequent email from Harrison also went without a response from Anderson.

26.

On a Facebook post after October 2016, Harrison commented on a comment made by Anderson. Harrison's comment was met with a rebuke from Anderson, a public official, threatening Harrison to not make any further contact with Anderson.

27.

Anderson unsuccessfully sought criminal charges against Harrison by contacting the Clayton County Police Department (hereinafter "CCPD"). Realizing there was no information to sustain even the existence of probable cause, CCPD closed each matter without seeking warrants against Harrison.

28.

Harrison's commitment to the welfare and education of Clayton County's students led her to an event at Morrow High School on March 11, 2017. While at the school, a teacher introduced Harrison to Anderson's son (a minor, and hereinafter "B.A."). Prior to this meeting, Harrison had never met nor sought a meeting with B.A.

29.

Harrison and B.A. engaged in a conversation that covered a wide range of topics. During the conversation, which happened to be caught on the school's video monitoring system, B.A. voluntarily left the area and then returned to continue his conversation with Harrison.

30.

At some point after this conversation, Board Member Anderson was apprised of its occurrence. She then made a directive to the CCSP seeking the arrest of Harrison. Major

Parker was instructed to appear before a County Magistrate Judge to swear out a warrant against Harrison for the crime of Stalking, a misdemeanor.

31.

Anderson used her position as a Board Member with the CCBOE to order CCSP to swear out the warrant against Parker even though she knew that no legal or factual basis existed to seek the issuance of a criminal warrant against Harrison.

32.

Anderson used her position as a Board Member with the CCBOE to order CCSP to swear out the warrant against Harrison even though Harrison had a constitutional right to speak at CCBOE meetings, send non-harassing emails to Board Member Anderson, and had violated no law by speaking with Brian. Further, Board Member Anderson, Chief Trawick and Major Parker knew that retaliating against a private citizen in effort to silence her from any future public criticism violated the Constitution of the United States.

33.

Given his training, experience and general knowledge as a law enforcement officer and as an attorney, Major Parker knew that no legal or factual basis existed to support the issuance of a warrant against Harrison for the charge of Stalking. Major Parker knew that he had been directed to carry out an unlawful order that would lead to the arrest, detention, and prosecution of a private citizen.

34.

Major Parker did secure the warrant for Harrison's arrest even though he had not personally witnessed Harrison's conduct. Major Parker did secure the warrant for Harrison's arrest, listing Anderson as the victim, despite having facts sufficient to support any claim of stalking.

35.

Major Parker's training, experience, and general knowledge as a law enforcement officer and his law school education should have imbued him with a duty to refuse to carry out an unlawful order and had a duty to refuse to seek a warrant that would lead to the violation of the civil rights of a private citizen. Major Parker ignored his duties, instead knowingly participating in the retaliatory prosecution of Harrison.

36.

Shortly after Major Parker obtained the warrant against Harrison, CCSP command staff made numerous calls to Harrison on March 23, 2017, threatening that she would be treated as a fugitive if she did not turn herself in at CCSP headquarters. Harrison informed them that she would seek legal counsel before taking any action, yet the command staff continued to pepper her with threats if she did not immediately vacate her freedom and surrender.

37.

Harrison agreed to turn herself in the afternoon of March 23, 2017. She arrived at the jail to the presence of a local television news crew, which filmed her walking into the Clayton County Jail.

38.

Once Harrison was inside the confines of the jail, the receiving officer took her (prior to this incident Harrison had never been arrested or charged with a crime), into custody, roughly securing her hands behind her back with handcuffs.

39.

After being securely restrained, Harrison was taken to the inmate portion of the jail, where she was photographed and fingerprinted.

40.

During the intake process, Harrison endure the full measure of this humiliating and unlawful ordeal through the confined, isolated and cramped space of the jail.

41.

Harrison, who has a documented medical disorder concerning cramped spaces, had to deal with this horrifying experience.

42.

Harrison was presented before a magistrate judge in full view of the public and other jail inmates, where the judge read the charge against Harrison out loud.

43.

Harrison remained in custody from approximately 5:00 P.M. on March 23, 2017 until late in the afternoon on March 24, 2017 when she was released on a $3500 bond.

44.

The Solicitor General for Clayton County investigated this case and determined that the facts did not support the warrant for Stalking and administratively dismissed the charge against Harrison.

## V.    COUNT 1: 42 U.S.C. SEC 1983 FALSE ARREST
### (VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS)

45.

Paragraphs 1-44 are hereby incorporated and re-alleged as though fully set forth herein.

46.

At all times relevant to this civil action, Alan Parker was a duly appointed, POST-certified law enforcement officer acting under color of law, within the scope of his discretionary function as an employee of the Clayton County Schools Police.

47.

At all times relevant to this civil action, Chief Thomas Trawick was a duly appointed, POST-certified law enforcement officer, with final decision making authority as the chief of the Clayton County Schools Police, subject to the direction of CCBOE.

48.

At all times relevant to this civil action, Aleika Anderson was a duly elected public official, acting under color of law.

49.

Based on their collective knowledge, training and experience, Parker, Trawick and Anderson knew that Brenda Harrison had not committed the offense of Stalking on March 11, 2017 or on any date prior.

50.

Based on their collective knowledge, training and experience, Parker, Trawick and Anderson knew that Brenda Harrison had committed no crime at all yet they still sought and obtained an arrest warrant against Harrison, depriving her of her liberty in violation of the Fourth Amendment of the United States Constitution.

51.

As a direct and proximate cause of the unlawful actions of the Defendants, Brenda Harrison was forced to surrender herself to law enforcement at the county jail, thus suffering a loss of her liberty in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

52.

Brenda Harrison is entitled to actual and compensatory damages, in an amount to be determined at trial, for the violation of her Fourth and Fourteenth Amendment rights.

53.

The Defendants' actions were willful, deliberate and malicious, thereby entitling Brenda Harrison to an award of punitive damages, in an amount to be determined by the enlightened conscience of a jury.

### VI.   COUNT II: FOURTH AMENDMENT VIOLATION 42 U.S.C. 1983 (MALICIOUS PROSECUTION)

54.

Paragraphs 1-53 are hereby incorporated and re-alleged as though fully set forth herein.

55.

At all times relevant to this civil action, Parker was a duly appointed, POST-certified law enforcement officer acting under color of law, within the scope of his discretionary function as an employee of the CCSP.

55.

At all times relevant to this civil action, Trawick was a duly appointed, POST-certified law enforcement officer, with final decision making authority as the chief of the CCSP, subject to the direction of the CCBOE.

56.

At all times relevant to this civil action, Anderson was a duly elected public official, acting under color of law.

57.

Brenda Harrison's criminal prosecution was initiated pursuant to a warrant sworn out by Parker at the direction of Trawick and Anderson.

58.

The criminal prosecution was resolved in Harrison's favor after the Solicitor General for Clayton County administratively disposed of the case, dismissing the charges against Harrison.

59.

Despite the Defendants' collective knowledge, training and experience, they knowingly and willingly instituted, maintained, and sought to maintain a criminal prosecution against Harrison.

60.

Based on the attendant facts alleged herein, any objectively reasonable law enforcement officer(s) would have known that instituting and maintaining a criminal prosecution against a citizen in this circumstance would violate that citizen's rights under the Fourth Amendment of the Constitution of the United States.

61.

As a direct and proximate cause of the Defendants' unlawful actions, Harrison was seized, detained against her will, and subjected to criminal prosecution in violation of her rights under the Fourth Amendment of the Constitution of the United States.

62.

As a direct and proximate cause of the Defendants' unlawful actions, the Plaintiff has and will continue to incur lost economic damages including loss of economic opportunity and other economic damages in an amount to be proven at trial.

63.

As a direct and proximate case of the Defendants' unlawful actions, Harrison experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of a jury.

64.

The Defendants' unlawful actions were done deliberately, willfully and maliciously, thereby entitling Harrison to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

Wherefore, the Plaintiff requests the following relief:

A) That the Court declare that Defendants' actions, policies, and practices complained of herein violated the rights of the Plaintiff under the First, Fourth and Fourteenth Amendments of the Constitution of the United States of America;

B) That Defendants, their agents, their employees and successors be permanently enjoined from violating the rights of the Plaintiff and others under the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America;

C) That special damages be awarded to compensate the Plaintiff for her economic injuries as a consequence of the Defendants' violations of her rights, said damages to be determined in an amount to be determined by the enlightened conscience of the jury;

D) That the Plaintiff be awarded compensatory damages from each of the Defendants individually to compensate the Plaintiff for her pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of the Defendants' actions in an amount to be determined by the enlightened conscious of the jury;

E) That punitive damages be awarded against the Defendants in an amount to be determined by the enlighten conscience of the jury to deter the Defendants and others in their position from similar misconduct in the future ;

F) That a trial by jury be had on all issues wherein a jury trial is permitted under law;

G) That attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. § 1988;

H) That pre-judgement interest be awarded; and

I) Any other relief (equitable or monetary) that this Court deem proper.

RESPECTFULLY SUBMITTED THIS 2nd DAY OF JANUARY, 2018.

### THE WATSON LAW FIRM, LLC

/s/ Shofaetiyah D. Watson
Shofaetiyah D. Watson
Georgia Bar No. 142027
Attorney for Plaintiff
sdw@showatson.com

The Watson Law Firm, LLC
P.O. Box 6002
Atlanta, GA 31107
T: 678.884.9564
F: 404.551.5245