IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY,<br><br>                Plaintiff,<br>v.<br><br>ANTONIO BRADY, LD DEERFIELD, LLC, and SUNSHINE PROPERTY MANAGEMENT GROUP, LLC<br><br>                Defendants. | CIVIL ACTION NO. |

### **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") shows this Honorable Court the following:

*Nature of Action*

1.    This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Mt. Hawley and the defendants, i.e., that Mt. Hawley owes no insurance coverage obligations to Defendant LD Deerfield, LLC ("Deerfield"), Defendant Sunshine Property Management Group, LLC ("Sunshine"), or any other

defendant in connection with the claims asserted in the lawsuit styled *Antonio Brady v. LD Deerfield, LLC and Sunshine Property Management Group, LLC, XYZ Corporation(s) (1-3) and John Doe(s) (1-3)*, State Court of Fulton County, State of Georgia, Civil Action File No. 18EV001779 ("Underlying Lawsuit").

## *Parties*

2.  Mt. Hawley is an Illinois corporation with its principal place of business in Peoria, Illinois.

3.  Defendant Antonio Brady ("Brady") is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

4.  Brady resides in the Atlanta Division of the Northern District of Georgia.

5.  Defendant Deerfield is a Georgia limited liability company.

6.  Deerfield's manager is Zhaoxia Li and its members are, upon information and belief and publicly available information, Zhaoxia Li and/or Sunshine.

7.  Zhaoxia Li is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

8.  Defendant Sunshine is a Georgia limited liability company.

9. Sunshine's members are Dawson Lee and Zhaoxia Li, based upon information and belief and publicly available information.

10. Dawson Lee is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

11. Upon information and belief and publicly available information, no member of Deerfield or Sunshine is a citizen of the Illinois, and all members of those limited liability companies are citizens of other states.

*Jurisdiction and Venue*

12. Brady is subject to personal jurisdiction and venue in this Court.

13. Deerfield is subject to personal jurisdiction and venue in this Court.

14. Sunshine is subject to personal jurisdiction and venue in this Court.

15. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

16. Plaintiff is a citizen of a different state than all defendants.

17. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

18. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Mt. Hawley is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Mt. Hawley.

## *Background Facts*

19. Brady filed his Complaint for Damages in the Underlying Lawsuit on or about April 20, 2018.

20. A true and accurate copy of that Complaint for Damages is attached hereto as <u>Exhibit A</u>.

21. In his Complaint for Damages, Brady alleges Deerfield owned and operated an apartment complex known as Deerfield Garden Apartments located at 2909 Campbellton Rd, SW, Atlanta, Georgia 30311.

22. The Complaint for Damages alleges that, on or about May 10, 2016, Sunshine was responsible for the management and operation of Deerfield Garden Apartments and assumed responsibility for Deerfield Garden Apartments as its property manager.

23. In his Complaint for Damages, Brady alleges that, on and before May 10, 2016, Deerfield and Sunshine were aware of regular criminal activity on the premises of the Deerfield Garden Apartments, which included, but was not limited to, homicides, rapes, robberies, and aggravated assaults.

24. The Complaint for Damages alleges that Deerfield and Sunshine failed to provide adequate security and lighting for the premises of Deerfield Garden Apartments.

25. The Complaint for Damages alleges that Brady was an invitee of Deerfield Garden Apartments on May 10, 2016, as he had resided there for two years before the incident.

26. The Complaint for Damages alleges that, on or about May 10, 2016, Brady was on the property of Deerfield Garden Apartments, in a common area of the residential complex, approaching his apartment home which he shared with his girlfriend, Ashley Wallace, at 2909 Campbellton Rd, #18D, Atlanta Georgia, 30311.

27. The Complaint for Damages alleges that while Brady was walking through Deerfield Garden Apartments two assailants approached him with a gun and attempted to rob him.

28. The Complaint for Damages alleges that during the commission of this robbery, the shooters began shooting at Brady, and while he was running from the hail of gunfire, he was shot in his right leg.

29. The Complaint for Damages alleges that Brady was taken via ambulance to Grady Memorial Hospital where he required immediate care and surgery after he had been severely injured and suffered permanent injuries.

30. The Complaint for Damages alleges that negligence of Deerfield and Sunshine proximately caused the injuries suffered by Brady which entitles him to damages.

31. The Complaint for Damages includes counts for battery, negligence, and private nuisance.

32. In his Complaint for Damages, Brady seeks to recover damages in excess of $75,000.00, exclusive of interest and cost.

33. On May 10, 2016, the police were dispatched to Deerfield Garden Apartments, investigated the shooting of Brady, and prepared a report on their investigation.

34. Brady told the police at the scene that he resided at Apartment 18D in Deerfield Garden Apartments.

35. Deerfield had actual knowledge of the Brady shooting incident on May 10, 2016.

36. Sunshine had actual knowledge of the Brady shooting incident on May 10, 2016.

37. After the Brady shooting incident on May 10, 2016, Sunshine's on-site property manager prepared a written report on the incident.

38. After the Brady shooting incident on May 10, 2016, Sunshine's on-site property manager put a hard-copy of the written report on the incident in the on-site file.

39. After the Brady shooting incident on May 10, 2016, Sunshine's on-site property manager emailed a copy of the written report to Sunshine's office.

40. On or shortly after May 10, 2016, Deerfield and Sunshine either knew or should have known that Brady would make a claim against Deerfield and/or Sunshine for the injuries he suffered in the May 10, 2016 shooting incident.

41. On or shortly after May 10, 2016, Deerfield and Sunshine either knew or should have known that Brady would file a lawsuit against Deerfield and/or Sunshine seeking to recover damages for the injuries he suffered in the incident.

42. Neither Deerfield nor Sunshine provided Mt. Hawley with notice of the May 10, 2016 shooting incident as soon as practicable.

43. Neither Deerfield nor Sunshine provided Mt. Hawley with notice Brady's claim for bodily injury damages caused in the May 10, 2016 shooting incident as soon as practicable.

## *Mt. Hawley's Commercial General Liability Policy*

44. Mt. Hawley issued a Commercial General Liability policy, with Policy Number MGL0181909, to Habitational Owners Group, as the Named Insured ("Policy").

45. A true and accurate and certified copy of the Policy is attached to this complaint as <u>Exhibit B</u>.

46. The Policy has a policy period of March 31, 2016, to March 31, 2017.

47. The Policy's Insuring Agreement provides in part:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

48. The Policy includes the following conditions:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.  If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received; and

        (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.  You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2) Authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

49.    The Policy conditions further provide:

> **3. Legal Action Against Us**
>
> No person or organization has a right under this Coverage Part:
>
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

50. The Policy includes the following definition:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

51. The Policy includes the following language:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

52. The Policy includes the following language under "SECTION II – WHO IS AN INSURED":

> **SECTION II – WHO IS AN INSURED**
>
> 1. If you are designated in the Declarations as:
>
>    . . .

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**2.** Each of the following is also an insured:

    b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

                    \*\*\*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

53. The Policy lists 2909 Campbellton Road, SW, Atlanta, GA, as an insured location.

54. The policy lists LD Deerfield, LLC as a named insured.

55. Sunshine is not shown as a named insured on the Policy, but it contends that it was Deerfield's property management company at Deerfield Garden Apartments at the time of the incident, which makes it an insured under the Policy.

- 11 -

*Communications between Mt. Hawley and LD Deerfield, LLC,
and Sunshine Property Management Group, LLC*

56. Deerfield did not notify Mt. Hawley of the May 10 2016 shooting incident, Brady's claims, or the Underlying Lawsuit until April 27, 2018.

57. Sunshine did not notify Mt. Hawley of the May 10 2016 shooting incident, Brady's claims, or the Underlying Lawsuit until April 27, 2018.

58. Brady did not notify Mt. Hawley of the May 10 2016 shooting incident, Brady's claims, or the Underlying Lawsuit until April 27, 2018.

59. No other person or entity notified Mt. Hawley of the May 10 2016 shooting incident, Brady's claims, or the Underlying Lawsuit until April 27, 2018.

60. Based on information and belief, at some time before March 30, 2018, Deerfield and/or Sunshine received a letter of representation from an attorney representing Brady on his claims against Deerfield and/or Sunshine.

61. Deerfield has never provided Mt. Hawley with a copy of Brady's attorney's letter of representation.

62. Sunshine has never provided Mt. Hawley with a copy of Brady's attorney's letter of representation.

63. At some time before March 30, 2018, Deerfield, Sunshine, or both sent Brady's attorney a communication about Deerfield's and/or Sunshine's insurance.

64. Deerfield has never provided Mt. Hawley with a copy of Deerfield and/or Sunshine's communication to Brady's attorney about its insurance.

65. Sunshine has never provided Mt. Hawley with a copy of Deerfield and/or Sunshine's communication to Brady's attorney about its insurance.

66. Brady and/or his attorneys communicated with Deerfield and/or Sunshine about the May 10, 2016 shooting incident and Brady's claims against Deerfield and/or Sunshine before March 30, 2018.

67. Deerfield has never provided Mt. Hawley with copies of any communications Deerfield had with Brady or Brady's attorney that occurred before March 30, 2018.

68. Sunshine has never provided Mt. Hawley with any communications Sunshine had with Brady or Brady's attorney that occurred before March 30, 2018.

69. Brady's attorneys sent a policy-limit, settlement demand to Sunshine and/or Deerfield that was dated March 30, 2018.

70. Attached as <u>Exhibit C</u> is a true and accurate copy of Brady's March 30, 2018 policy-limit demand.

71. Deerfield, Sunshine, or both received Brady's March 30, 2018 policy-limit settlement demand in April 2018.

72. Neither Deerfield nor Sunshine provided Mt. Hawley with a copy of Brady's May 30, 2018 policy-limit settlement demand.

73. Neither Deerfield nor Sunshine told Mt. Hawley about Brady's May 30, 2016 policy-limit settlement demand.

74. Mt. Hawley's first notice of the March 30, 2016 shooting incident, Brady's claim and the underlying lawsuit occurred on April 27, 2018, when it received a copy of the Complaint for Damages and a Liability Notice of Occurrence/Claim form from Fitzpatrick Insurance Solutions, LLC.

75. Attached as Exhibit D is a true and accurate copy of the email and Liability Notice of Occurrence/Claim form Mt. Hawley received from Fitzpatrick Insurance Solutions, LLC on April 27, 2018.

76. On April 27, 2018, Mt. Hawley acknowledged receipt of the Complaint for Damages in the lawsuit under a complete reservation of rights in an email to Sunshine.

77. In the same April 27, 2018 email to Sunshine, Mt. Hawley requested a copy of the Property Management Agreement between the owner of the property and the property manager.

78. In the same April 27, 2018 email to Sunshine, Mt. Hawley requested any incident reports, police reports, security logs, electronic reports, emails,

communications in any format, or other documents recorded or maintained regarding this incident.

79. In the same April 27, 2018 email to Sunshine, Mt. Hawley asked when Sunshine first learned of the incident.

80. On May 1, 2018, Mt. Hawley sent an email to Sunshine asking for the status of the requested information stating Mt. Hawley needed the information immediately.

81. On May 1, 2018, Sunshine responded to Mt. Hawley's April 27, 2018 email via email.

82. In Sunshine's May 1, 2018 email to Mt. Hawley, Sunshine represented that its first notice of May 10, 2016 shooting incident was the filing of the Underlying Lawsuit.

83. In Sunshine's May 1, 2018 email to Mt. Hawley, Sunshine represented that all resident files stayed at the apartment complex after the apartments were sold on November 15, 2016, and Sunshine no longer had access to them.

84. Based on information and belief, Sunshine and/or Deerfield still have access to their electronic files and documents regarding Deerfield Garden Apartments.

85. On multiple occasions since April 27, 2018, Mt. Hawley has requested that Sunshine provide Mt. Hawley with a copy of the Property Management Agreement between Deerfield and Sunshine.

86. On June 20, 2018, Mt. Hawley asked Sunshine and/or Deerfield's counsel to provide the property management agreement for the property in question.

87. On June 21, 2018, Sunshine and/or Deerfield's counsel advised that she would report back on the property management agreement.

88. To date, neither Sunshine nor Deerfield has provided Mt. Hawley with a copy of the Property Management Agreement between Deerfield and Sunshine.

89. In a July 11, 2018 reservation of rights letter ("ROR letter") to Deerfield and Sunshine, Mt. Hawley again confirmed that Mt. Hawley was reserving its rights under the Policy.

90. In the ROR letter, Mt. Hawley agreed to provide a defense for Deerfield and Sunshine in the Underlying Lawsuit, subject to a reservation of rights.

91. A true and accurate copy of the ROR letter is attached hereto as Exhibit E.

92. On September 26, 2018, Mt. Hawley was provided with copies of the documents Brady had produced in response to Deerfield and/or Sunshine's request for production of documents, which included Brady's March 30, 2018 policy-limit settlement demand.

93. Mt. Hawley was not aware of Brady's March 30, 2018 policy-limit settlement demand until September 26, 2018.

## *Declaratory Judgment*

94. Mt. Hawley is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the defendants and the Underlying Lawsuit.

95. The Policy does not cover any of the claims made in the Underlying Lawsuit and will not cover any damages awarded therein, due to the failure of Deerfield and Sunshine to comply with the Mt. Hawley policy's terms and conditions.

96. Mt. Hawley was not notified as soon as practicable of the May 10, 2016 incident, which at that time constituted an "occurrence" or an offense which may have resulted in a claim.

97. Mt. Hawley did not receive written notice of the claims of Antonio Brady as soon as practicable.

98. Sunshine and/or Deerfield did not immediately send a copy of all demands and notices received in connection with the claim or Underlying Lawsuit.

99. Deerfield and Sunshine have not cooperated with Mt. Hawley in its investigation of the claims asserted in the Underlying Lawsuit.

100. Deerfield's and Sunshine's failure to cooperate has prejudiced Mt. Hawley.

101. Mt. Hawley is entitled to a declaratory judgment that Deerfield and Sunshine are not covered under the Policy for the Underlying Lawsuit, because conditions precedent for them to be covered under the Policy were breached, including, but not limited to, the duties to provide timely notice and to cooperate.

102. Mt. Hawley relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Mt. Hawley Insurance Company prays:

(a) That each and every Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Mt. Hawley has no duty to cover or indemnify any of the Defendants for the May 10, 2016 incident, the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c)     For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia  30338-2668
Tel:  (770) 391-9100
Fax: (770) 668-0878
kjackson@boviskyle.com
drs@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ David Russell Smith
Ga. State Bar No. 655588

*Counsel for Plaintiff Mt. Hawley Insurance Company*